**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

WILLIAM ABNER,

       Plaintiff,

v.                                                                    CIVIL ACTION NO. 5:23-cv-00243

THE UNITED STATES OF AMERICA,

       Defendant.


MICHAEL ACORD,

       Plaintiff,

v.                                                                    CIVIL ACTION NO.  5:23-cv-00244


UNITED STATES OF AMERICA,

       Defendant.


CLARK BLACKBURN,

       Plaintiff,

v.                                                                    CIVIL ACTION NO.  5:23-cv-00245


UNITED STATES OF AMERICA,

       Defendant.

SHANE BOGGS,

        Plaintiff,

v.                            CIVIL ACTION NO.  5:23-cv-00246

UNITED STATES OF AMERICA,

        Defendant.

PATRICK BOWLING,

        Plaintiff,

v.                            CIVIL ACTION NO.  5:23-cv-00247

UNITED STATES OF AMERICA,

        Defendant.

RUSSELL BRAGG,

        Plaintiff,

v.                            CIVIL ACTION NO.  5:23-cv-00248

UNITED STATES OF AMERICA,

        Defendant.

JAMES BROGAN,

        Plaintiff,

v.                            CIVIL ACTION NO.  5:23-cv-00249

UNITED STATES OF AMERICA,

        Defendant.

THOMAS CAIN,

        Plaintiff,

v.                                 CIVIL ACTION NO.  5:23-cv-00250

UNITED STATES OF AMERICA,

        Defendant.

KEVIN CARTER,

        Plaintiff,

v.                                 CIVIL ACTION NO.  5:23-cv-00251

UNITED STATES OF AMERICA,

        Defendant.

CHRISTOPHER COZORT,

        Plaintiff,

v.                                 CIVIL ACTION NO.  5:23-cv-00252

UNITED STATES OF AMERICA,

        Defendant.

GARY DALE,

        Plaintiff,

v.                                 CIVIL ACTION NO.  5:23-cv-00253

UNITED STATES OF AMERICA,

        Defendant.

3

DON DAWSON,

        Plaintiff,

v.                                                          CIVIL ACTION NO.  5:23-cv-00254

UNITED STATES OF AMERICA,

        Defendant.

GARY DILLON,

        Plaintiff,

v.                                                          CIVIL ACTION NO.  5:23-cv-00255

UNITED STATES OF AMERICA,

        Defendant.

LESHAWN DOBSON,

        Plaintiff,

v.                                                          CIVIL ACTION NO.  5:23-cv-00256

UNITED STATES OF AMERICA,

        Defendant.

ROY DOUGLAS,

        Plaintiff,

v.                                                          CIVIL ACTION NO.  5:23-cv-00257

UNITED STATES OF AMERICA,

        Defendant.

LESLIE DUNBAR,

        Plaintiff,

v.                                        CIVIL ACTION NO.  5:23-cv-00258

UNITED STATES OF AMERICA,

        Defendant.

WILLIAM DUTY,

        Plaintiff,

v.                                          CIVIL ACTION NO.  5:23-cv-00259

UNITED STATES OF AMERICA,

        Defendant.

DENNIS ENGLAND,

        Plaintiff,

v.                                        CIVIL ACTION NO.  5:23-cv-00260

UNITED STATES OF AMERICA,

        Defendant.

GARY ESKINS,

        Plaintiff,

v.                                        CIVIL ACTION NO.  5:23-cv-00261

UNITED STATES OF AMERICA,

        Defendant.

RYAN FEDAK,

        Plaintiff,

v.                                          CIVIL ACTION NO.  5:23-cv-00262

UNITED STATES OF AMERICA,

        Defendant.

MONTGOMERY FOSTER,

        Plaintiff,

v.                                            CIVIL ACTION NO.  5:23-cv-00263

UNITED STATES OF AMERICA,

        Defendant.

CHRISTOPHER GARTEN,

        Plaintiff,

v.                                            CIVIL ACTION NO.  5:23-cv-00264

UNITED STATES OF AMERICA,

        Defendant.

WILLIAM GIBSON,

        Plaintiff,

v.                                            CIVIL ACTION NO.  5:23-cv-00265

UNITED STATES OF AMERICA,

        Defendant.

JASON GOODMAN,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:23-cv-00266

UNITED STATES OF AMERICA,

        Defendant.

JOHN GRIMES,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:23-cv-00267

UNITED STATES OF AMERICA,

        Defendant.

RICHARD HARVEY,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:23-cv-00268

UNITED STATES OF AMERICA,

        Defendant.

GREG HODGE,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:23-cv-00269

UNITED STATES OF AMERICA,

        Defendant.

JASON HOGIE,

           Plaintiff,

v.                                CIVIL ACTION NO.  5:23-cv-00270

UNITED STATES OF AMERICA,

           Defendant.

JOSE IBARRA, JR.,

           Plaintiff,

v.                                CIVIL ACTION NO.  5:23-cv-00271

UNITED STATES OF AMERICA,

           Defendant.

OLEANDER JONES,

           Plaintiff,

v.                                CIVIL ACTION NO.  5:23-cv-00272

UNITED STATES OF AMERICA,

           Defendant.

WILLIAM LILLY,

           Plaintiff,

v.                                CIVIL ACTION NO.  5:23-cv-00273

UNITED STATES OF AMERICA,

           Defendant.

DONALD LUNDY,

   Plaintiff,

v.          CIVIL ACTION NO.  5:23-cv-00274

UNITED STATES OF AMERICA,

   Defendant.

JOHN MARCUM,

   Plaintiff,

v.          CIVIL ACTION NO.  5:23-cv-00275

UNITED STATES OF AMERICA,

   Defendant.

THEODORE MARTIN,

   Plaintiff,

v.          CIVIL ACTION NO.  5:23-cv-00276

UNITED STATES OF AMERICA,

   Defendant.

JAMES MITCHELL,

   Plaintiff,

v.          CIVIL ACTION NO.  5:23-cv-00277

UNITED STATES OF AMERICA,

   Defendant.

ESTELL MULLINS,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00278

UNITED STATES OF AMERICA,

        Defendant.

MARK MUNCY,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00279

UNITED STATES OF AMERICA,

        Defendant.

JOSEPH NEELY,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00282

UNITED STATES OF AMERICA,

        Defendant.

EDGAR NEFF,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00283

UNITED STATES OF AMERICA,

        Defendant.

10

COREY OLSEN,

          Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00284

UNITED STATES OF AMERICA,

          Defendant.

GARRETT RINEHARD,

          Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00285

UNITED STATES OF AMERICA,

          Defendant.

JAMES ROBINSON,

          Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00286

UNITED STATES OF AMERICA,

          Defendant.

DAVID ROBY,

          Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00287

UNITED STATES OF AMERICA,

          Defendant.

ALBERT SILVA,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.  5:23-cv-00288

UNITED STATES OF AMERICA,

        Defendant.

FREDDIE SMALL,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.  5:23-cv-00289

UNITED STATES OF AMERICA,

        Defendant.

ALAN SULLIVAN,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.  5:23-cv-00290

UNITED STATES OF AMERICA,

        Defendant.

FREDERICK TAYLOR,

        Plaintiff,

v.                                                                    CIVIL ACTION NO.  5:23-cv-00291

UNITED STATES OF AMERICA,

        Defendant.

RANDY TOWNLEY,

                Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00292

UNITED STATES OF AMERICA,

                Defendant.

BRIAN TRUMP,

                Plaintiff,

v.                                      CIVIL ACTION NO.  5:23-cv-00293

UNITED STATES OF AMERICA,

                Defendant.

MONTE WALL,

                Plaintiff,

v.                                      CIVIL ACTION NO.  5:23-cv-00294

UNITED STATES OF AMERICA,

                Defendant.

JOHN WILLIAMS,

                Plaintiff,

v.                                    CIVIL ACTION NO.  5:23-cv-00295

UNITED STATES OF AMERICA,

                Defendant.

CHARLES WOLFE,

                  Plaintiff,

v.                                        CIVIL ACTION NO.  5:23-cv-00296

UNITED STATES OF AMERICA,

                  Defendant.

RICKY PREUSS,

                  Plaintiff,

v.                                        CIVIL ACTION NO.  5:23-cv-00310

UNITED STATES OF AMERICA,

                  Defendant.

REX SANFORD,

                  Plaintiff,

v.                                        CIVIL ACTION NO.  5:23-cv-00383

UNITED STATES OF AMERICA,

                  Defendant.

DARRYL SMITH,

                  Plaintiff,

v.                                      CIVIL ACTION NO.  5:23-cv-00384

UNITED STATES OF AMERICA,

                  Defendant.

ERIC MCSPADDEN,

        Plaintiff,

v.                                   CIVIL ACTION NO.  5:23-cv-00484

UNITED STATES OF AMERICA,

        Defendant.

PAUL BRADFORD,

        Plaintiff,

v.                                     CIVIL ACTION NO.  5:23-cv-00485

UNITED STATES OF AMERICA,

        Defendant.

AUGUST CLEMENS,

        Plaintiff,

v.                                     CIVIL ACTION NO. 5:23-cv-00663

THE UNITED STATES OF AMERICA,

        Defendant.

CHARLES PERRY,

        Plaintiff,

v.                                     CIVIL ACTION NO. 5:23-cv-00664

THE UNITED STATES OF AMERICA,

        Defendant.

15

JIMMY ROBINSON, JR.,

       Plaintiff,

v.                           CIVIL ACTION NO. 5:23-cv-00665

THE UNITED STATES OF AMERICA,

       Defendant.

ACIE SIMMONS, JR.,

       Plaintiff,

v.                           CIVIL ACTION NO. 5:23-cv-00666

THE UNITED STATES OF AMERICA,

       Defendant.

WILLIAM KLEINTOP,

       Plaintiff,

v.                           CIVIL ACTION NO. 5:23-cv-00690

THE UNITED STATES OF AMERICA,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

       Pending are Defendant the United States of America's Motion to Dismiss and/or for Summary Judgment [Doc. 75], filed September 6, 2023, and Second Motion to Dismiss and/or for Summary Judgment [Doc. 146], filed February 16, 2024. Plaintiffs William Abner, Shane Boggs, Patrick Bowling, Paul Bradford, Thomas Cain, Kevin Carter, William Duty, Christopher

16

Garten, John Grimes, Richard Harvey, Jose Ibarra, Jr, Oleander Jones, Donald Lundy, John Marcum, Theodore Martin, Eric McSpadden, Edgar Neff, Corey Olsen, Garrett Rinehard, David Roby, Rex Sanford, Darryl Smith, and Brian Trump (together, "the first motion Plaintiffs") jointly responded to the United States' first Motion to Dismiss and/or for Summary Judgment on September 20, 2023 [Doc. 86], to which the United States replied on September 27, 2023 [Doc. 87]. Plaintiffs August Clemens, Charles Perry, III, Jimmy Robinson, Jr., and Acie Simmons, Jr., jointly responded to the United States' Second Motion to Dismiss and/or for Summary Judgment on February 28, 2024 [Doc. 148], to which the United States replied on March 1, 2024 [Doc. 150]. The matters are ready for adjudication.

## I.

On March 28, 2023, several of the above-styled actions were instituted against the United States.[1] [Doc. 1]. Inasmuch as common questions of law and fact are extant, pursuant to *Federal Rule of Civil Procedure* 42(a), the actions were provisionally consolidated, with *Abner v. United States*, 5:23-cv-00243, designated as the lead case. [*See* Docs. 7, 8, 70, 95, 111].

The Complaints assert negligence claims against the United States for healthcare services Plaintiffs received from Dr. Jonathan Yates while he was employed at the Beckley Veterans Affairs Medical Center ("BVAMC") between April 29, 2018, and July 23, 2019. [Doc. 1 at 5 ¶¶ 24–25]. Plaintiffs allege the following claims: (1) Dr. Yates breached his duty of care to

---

[1] Of the 23 first motion Plaintiffs, Mr. Abner, Mr. Boggs, Mr. Bowling, Mr. Cain, Mr. Carter, Mr. Duty, Mr. Garten, Mr. Grimes, Mr. Harvey, Mr. Ibarra, Mr. Jones, Mr. Lundy, Mr. Marcum, Mr. Martin, Mr. Neff, Mr. Olsen, Mr. Rinehard, Mr. Roby, and Mr. Trump filed complaints on March 28, 2023. [Docs. 1, 7]. Mr. Sanford and Mr. Smith filed complaints on May 10, 2023, [Doc. 8], followed by Mr. McSpadden and Mr. Bradford, who filed complaints on July 13, 2023, [Doc. 70].

Plaintiffs by performing acupuncture without the requisite credentialling and failing to follow and adhere to proper procedures and protocols for sanitary, single use of acupuncture needles (Count I), and (2) the United States was negligent in hiring, supervising, training, and retaining Dr. Yates (Count II). [*Id.* at 22–23 ¶¶ 141–52]. Plaintiffs also request a declaratory judgment that an "earlier settlement did not . . . constitute[ an] accord and satisfaction of any claims set forth herein" (Count III). [*Id.* at 23–24 ¶¶ 153–62].

On June 8, 2023, and August 2, 2023, the United States answered. [Docs. 15–69, 72, 73]. On September 6, 2023, the United States moved for dismissal or, alternatively, for summary judgment as to the actions brought by the first motion Plaintiffs. [Doc. 75]. On October 6, 2023, four more individuals -- Mr. Clemens, Mr. Perry, Mr. Robinson, and Mr. Simmons -- instituted actions against the United States, filing almost identical complaints asserting negligence claims for acupuncture procedures performed by Dr. Yates while he was employed at BVAMC. [Doc. 90]. On October 30, 2023, the Court provisionally consolidated these four cases with *Abner v. United States*, 5:23-cv-00243, and its member cases. [Doc. 95].

On February 16, 2024, the United States moved anew for dismissal or, alternatively, for summary judgment in the actions brought by Mr. Clemens, Mr. Perry, Mr. Robinson, and Mr. Simmons [Doc. 146], incorporating by reference the earlier filed motions and supporting memorandum of law. [Docs. 75, 76]. Of the 62 Plaintiffs in this consolidated action, 27 -- including the 23 first motion Plaintiffs, Mr. Clemens, Mr. Perry, Mr. Robinson, and Mr. Simmons (hereinafter, collectively, "the Release Plaintiffs") -- had earlier instituted actions against the United States concerning healthcare services received from Dr. Yates at BVAMC. *See* Civil Action Nos. 5:20-cv-00806, -00807, -00808, -00809, -00811, -00816, -00819, -00821, -00825, -00826, -00829, -00841, -00846, -00847, -00850, -00851; 5:21-cv-0060, -0061, -0063, -0065, -00223,

-00224, -00225, -00226, -00230, -00232, -00234 [hereinafter, collectively, "the prior civil actions"]. The prior civil actions were premised upon Dr. Yates' alleged (1) failure to provide adequate explanations of the osteopathic manipulative treatments he performed, (2) failure to procure a chaperone for sensitive examinations and osteopathic manipulative treatments, (3) performance of examinations and osteopathic manipulative treatments without regard for the patients' modesty, and (4) performance of manual medical treatments without a clear indication. [Doc. 86 Ex. 1].

The prior civil actions settled, and the parties executed certain Release Agreements containing the following language:

> Plaintiff and Plaintiff's heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of [Name of Plaintiff] or damage to property, and the consequences thereof, which Plaintiff or his heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of [sic] that gave rise to the above-captioned action.

> Plaintiff, on behalf of himself, his heirs, executors, administrators, assigns, predecessors and successors in interest, does hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiff has had, now has or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

[Doc. 75 at 13; *id.* Exs. 1–23 at ¶ 4].

In support of its motions, the United States contends the Release Agreements surrendered the claims asserted by the Release Plaintiffs herein. [*Id.* at 13].  The United States

further asserts the doctrine of res judicata bars the Release Plaintiffs' current claims inasmuch as they involve the same subject matter as the prior civil actions, existed at the time the prior civil actions were filed, and the prior civil actions were dismissed with prejudice. [*Id.*]. The Release Plaintiffs oppose dismissal and the entry of summary judgment on the grounds the Release Plaintiffs were unaware of Dr. Yates' uncredentialed practice of acupuncture and Release Plaintiffs' potential exposure to infectious diseases until after the prior civil actions settled. [Doc. 86 at 3].

## II.

### A.   *Motion to Dismiss*

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Any defense presented under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Thus, the motion to dismiss must be filed before any answer to the complaint is filed.

Inasmuch as the United States' motions are for dismissal pursuant to Rule 12(b)(6), because such motions were made after the United States filed its answers, the motions are untimely. However, because the United States also seeks the entry of summary judgment, the Court will consider the matter under Rule 56.

**B.**     *Summary Judgment*

Rule 56 of the *Federal Rules of Civil Procedure* provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

### 1. Res Judicata

Res judicata "bars a party from relitigating a claim that was decided or could have been decided in an original suit," and can be asserted as a basis for entering summary judgment. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing *Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). The doctrine of res judicata was "designed to protect

litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation." *Id.* at 161–62 (internal quotation marks omitted) (alterations in original). As stated in *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984), the preclusive effect of the res judicata doctrine "reflects a variety of concerns, including notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources."

"A prior judgment between the same parties may operate to bar subsequent litigation under one of two related res judicata doctrines: claim preclusion or issue preclusion." *Schwartz v. J.J.F. Mgmt. Servs.*, 922 F.3d 558, 566 (4th Cir. 2019). Claim preclusion bars claims in later litigation arising "from the same cause of action as previous litigation between the parties." *Id.* "Claims arise out of the same cause of action when they arise out of the same transaction or series of transactions . . . or the same core of operative facts." *Id.* at 566–67 (internal quotation marks omitted). Issue preclusion "operates to bar subsequent litigation of those legal and factual issues common to both actions that were actually and necessarily determined by a court of competent jurisdiction in the first litigation." *Id.* at 567 (internal quotation marks omitted); *see also Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

"[T]he traditional res-judicata inquiry is modified in cases where the earlier action was dismissed in accordance with a release or other settlement agreement." *United States ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 913 (4th Cir. 2013). "A judgment entered based upon the parties' stipulation, unlike a judgment imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it." *Id.* (internal quotation marks omitted). "If a claim is resolved in a settlement agreement, [the Court will] look to the intent of the parties to determine whether the settlement agreement bars later claims." *E. Coast Repair &*

22

*Fabrication, LLC v. United States*, 16 F.4th 87, 90–91 (4th Cir. 2021). "This approach . . . dictates application of contract interpretation principles to determine the intent of the parties." *Keith v. Aldridge*, 900 F.2d 736, 740–41 (4th Cir. 1990); *see also E. Coast Repair*, 16 F.4th at 91 ("We use contract interpretation principles to discern the parties' intent."). "If the parties intended to foreclose through agreement litigation of a claim, assertion of that claim in a later suit, whether or not formally presented in the earlier action, is precluded." *Keith*, 900 F.2d at 741. "Claim preclusion will not apply, however, if the parties intended to settle only one part of a single claim and intended to leave another part open for future litigation." *Id.*

### III.

"[W]hether res judicata precludes a subsequent action turns on the existence of three factors: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *U.S. ex rel. May v. Purdue Pharma L.P.*, 737 F.3d 908, 912 (4th Cir. 2013) (internal quotation marks omitted); *see also Montana v. United States*, 440 U.S. 147, 153 (1979) ("[A] final judgment on the merits in a prior suit bars further claims by parties or their privies based on the same cause of action."). All three are met here.

First, the prior civil actions were all dismissed with prejudice based upon the parties' settlement agreements. [*See, e.g.*, Doc. 75 Exs. 1–23]. Dismissals constitute a "valid, final judgment on the merits" with "potential res judicata effect." *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987); *see also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication

on the merits.").

Second, there is complete identity of the parties. Privity between parties exists when "the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007) (internal quotation marks omitted). As discussed above, the Release Plaintiffs' current claims are against the United States, which is the same defendant the Release Plaintiffs named in the prior civil actions.

Third, identity of the cause of action exists if two claims arise out of the same transaction or series of transactions or the same core of operative facts, and "typically it is a new factual development that gives rise to a fresh cause of action." *Union Carbide Corp. v. Richards*, 721 F.3d 307, 315 (4th Cir. 2013). Because "[s]ettlement agreements operate on contract principles, . . . the preclusive effect of a settlement agreement should be measured by the intent of the parties." *Ohio Valley Env't. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 211 (4th Cir. 2009) (internal quotation marks omitted).

Absent a valid choice-of-law provision, federal common law generally governs the effect of a release of federal claims. *See Dice v. Akron, Canton & Youngstown R.R.*, 342 U.S. 359, 361–62 (1952) (holding that federal rights protected by Federal Employers' Liability Act could be eroded if states were allowed to determine available defenses, noting the importance of uniform application of a federal statute); *see also United States ex rel. Ubl v. IIF Data Sols.*, 650 F.3d 445, 451 (4th Cir. 2011) (explaining effect of an agreement settling False Claims Act claims is a question of federal common law); *Gamewell Mfg., Inc. v. HVAC Supply, Inc.*, 715 F.2d 112, 114–15 (4th Cir. 1983) (recognizing that federal statute-specific policies would be threatened by the use of state law to interpret settlement agreements for patent infringement). Courts of Appeal have

applied federal common law in resolving questions related to the formation and interpretation of Federal Tort Claims Act ("FTCA") settlement agreements. *See, e.g.*, *Odin v. United States*, 656 F.2d 798, 804 (D.C. Cir. 1981); *Wiseman v. United States*, 976 F.2d 604, 606 (9th Cir. 1992); *Schwarder v. United States*, 974 F.2d 1118, 1124 (9th Cir. 1992).  As the United States Court of Appeals for the Ninth Circuit explained in *Schwarder*, applying federal law to FTCA settlement agreements, *inter alia*, "effectuates the apparent Congressional intent to provide a uniform procedure, independent of underlying state law, by which the government can settle tort claims against it." 974 F.2d at 1124.

The Release Agreements are broad and all-encompassing. By accepting "payment of the Settlement Amount," the Release Plaintiffs agreed to "release and forever discharge the United States" from "any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiff has had, now has or hereafter may have with respect to the same subject matter that gave rise" to the prior civil actions, "as well as claims relating to or arising out of the subject matter that gave rise to" the prior civil actions "that could have been but were not alleged" in those actions. [Doc. 75 Exs. 1–23 at ¶ 4].

Because the term "subject matter" is undefined, the Release Plaintiffs contend the Release Agreements are ambiguous. [Doc. 86 at 10–12]. However, a settlement agreement "is not ambiguous . . . merely because it contains words that are not defined therein, or because [one party] think[s] certain words could be defined differently or with greater specificity." *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1242 (D.C. Cir. 2004); *see also E. Coast Repair*, 16 F.4th at 91 ("[W]hen a settlement agreement's text is unambiguous, . . . [the court] simply cannot rewrite its terms based on a party's protestation that it meant something other than what it said.").

The meaning of "subject matter" is clear given the context of the lawsuits. The factual allegations in both the prior and current complaints begin similarly by outlining the Release Plaintiffs' service in the United States Military, the healthcare services offered by BVAMC to veterans like the Release Plaintiffs, the establishment of the Whole Health Clinic -- a proactive health and well-being services clinic -- at BVAMC, and Dr. Yates' employment and role at the Whole Health Clinic. [Doc. 76 at 6]. The complaints then diverge by describing different harms the Release Plaintiffs allegedly suffered at the hands of Dr. Yates. Given this contrast, the Release Plaintiffs urge the Court to find that the subject matter contemplated by the parties at the time the Release Agreements were executed is exclusive to acts and omissions arising out of Dr. Yates' osteopathic manipulative treatments. [Doc. 86 at 14]. Their reasoning, however, is belied by the text of their prior complaints.

For example, in the prior civil actions, the Release Plaintiffs alleged that Dr. Yates breached his duty of care "to properly evaluate [the Release Plaintiffs'] conditions and to provide [them] with care which met the standard of care" and "to perform only those manual medicine treatments which were clearly indicated." *See, e.g.*, Complaint at 13 ¶¶ 81, 83, 86, *John Doe #1 v. United States*, No. 5:20-cv-00806 (S.D. W. Va. Dec. 14, 2020), Doc. 1. In support of his claims, at least one of the Release Plaintiffs alleged (1) "Dr. Yates said he wanted to try some acupuncture," (2) "Dr. Yates placed needles around [his] shoulder and neck that were painful and were accompanied by stabbing pain," and (3) Dr. Yates pulled down his underwear and "placed more needles in [his] lower back, side of his hip, and his right butt cheek." *Id.* at 5 ¶ 31–33. Several other Release Plaintiffs also mentioned receiving acupuncture treatments from Dr. Yates. *See, e.g.*, Complaint at 5 ¶¶ 27–29, *John Doe. #2 v. United States*, No. 5:20-cv-00807 (S.D. W. Va. Dec. 14,

2020), Doc. 1; Complaint at 4 ¶¶ 15, 17, *John Doe. #13 v. United States*, No. 5:20-cv-00819 (S.D. W. Va. Dec. 14, 2020), Doc. 1.[2]

In the instant actions, the Release Plaintiffs allege that "[t]he acupuncture performed by [Dr.] Yates was neither medically necessary nor performed to the proper standard of care." [Doc. 1 ¶ 130]. Accordingly, both sets of actions involve the provision of unnecessary and substandard medical care. While the specific conduct and injuries alleged are not the same, both the instant and prior civil actions are premised on the same series of transactions, namely the treatment and care the Release Plaintiffs received from BVAMC between April 29, 2018, and July 23, 2019.

Accordingly, the term "subject matter" cannot be fairly read to exclude all matters beyond the precise legal theories or harms alleged in the prior civil actions. Such a narrow reading would render superfluous the release of "any and all claims . . . known or unknown, suspected or unsuspected, that Plaintiff has had, now has or hereafter may have . . . relating to or arising out of . . . the subject matter." *Cf. United States v. Gonzales*, 520 U.S. 1, 5 (1997) ("Read naturally, the

---

[2] In the complaint in his prior civil action against the United States pursuant to the FTCA for health care services rendered by Dr. Yates, Plaintiff Patrick Bowling specifically stated that he refused acupuncture treatment from Dr. Yates: "Dr. Yates insisted that [Mr. Bowling] was a candidate for acupuncture and [Mr. Bowling] declined the same, as he stated he did not tolerate needles." Complaint at 4 ¶ 19, *John Doe. #46 v. United States*, No. 5:21-cv-00224 (S.D. W. Va. Apr. 14, 2021), Doc. 1. Because this statement was made in a pleading signed by counsel and is clear and unambiguous, it is a judicial admission to which the parties are bound. *See Meyer v. Berkshire Life Ins. Co.*, 372 F.3d. 261, 265 n. 2 (4th Cir. 2004) ("[D]eliberate, clear [,] and unambiguous statements by counsel may be considered judicial admissions that bind the conceding party to the representations made." (second alteration in original) (internal quotation marks omitted)); *see also Christian Legal Soc'y Ch. of the Univ. of Cal. v. Martinez*, 561 U.S. 661, 677–78 (2010) (reiterating that a judicial admission is conclusive); *In re McNallen*, 62 F.3d 619, 625 (4th Cir. 1995) (judicial admissions are binding on the parties before the trial court). Because there is no genuine issue of material fact as to whether Mr. Bowling received acupuncture treatment from Dr. Yates, the United States' is entitled to summary judgment as a matter of law. Accordingly, the Court **GRANTS IN PART** the United States' motion [**Doc. 75**] as to Mr. Bowling.

word 'any' has an expansive meaning . . . ."); *Am. Recovery Corp. v. Comput. Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996) (describing "arising out of or related to" formulation in an arbitration clause as "capable of an expansive reach"). Rather, the plain and natural understanding of the term "subject matter" evokes something broader; it is the general topic, transactions, or circumstances being dealt with, not the distinct claim or injuries plead. The Release Plaintiffs simply cannot escape the fact that they contractually waived their right to hold the United States liable for "any and all claims . . . relating to or arising out of the" alleged medical negligence that occurred while the Release Plaintiffs were patients of Dr. Yates at BVAMC.

The Release Plaintiffs further rely on *Multiplex, Inc. v. Raleigh County Board of Education*, 227 W. Va. 364, 709 S.E.2d 561 (W. Va. 2011), to assert the Release Agreements do not bar the claims herein inasmuch as they had not accrued at the time the Release Agreements were signed. [Doc. 86 at 13]; *see also Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) ("While [a previous] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."). But, as the Release Plaintiffs concede, *Multiplex* is inapposite because "the cause of action in *Multiplex* had not occurred at the time of the first civil action." [*Id.*]. In *Multiplex*, the Supreme Court of Appeals of West Virginia held that a second action was not barred by a release signed to settle the first action because "events in the [second] complaint . . . had not even occurred at the time of the [first] complaint, or at the time the [r]elease was executed," and thus, could not have been within the contemplation of the parties at the time the release was executed. 227 W. Va. at 366–67, 709 S.E.2d at 563–64.

It is undisputed that the conduct giving rise to the Release Plaintiffs' current civil actions had already occurred both at the time they originally filed the prior civil actions and when

28

they signed the Release Agreements. "For purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986). The Release Plaintiffs agreed to release all claims, including those that were "unknown" or "unsuspected" at the time the prior civil actions were settled or that the Release Plaintiffs may have "[t]hereafter acquire[d]." Thus, whether the claims asserted herein had accrued -- i.e., whether the Release Plaintiffs knew or, "in the exercise of reasonable diligence should have known" of both the existence and cause of their injuries -- at the time the Release Agreements were signed is irrelevant. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993); *see also United States v. Kubrick*, 444 U.S. 111, 122 (1979).

"An exception to the general principle that lack of knowledge will not avoid the application of res judicata rules is found in cases where fraud, concealment, or misrepresentation have caused the plaintiff to fail to include a claim in a former action." *Harnett*, 800 F.2d at 1313. The Release Plaintiffs contend an acupuncture claim could not be asserted at the time the prior civil actions were filed because the United States "concealed the existence of the factual basis underlying the [current civil actions] from the [Release] Plaintiffs." [Doc. 86 at 16; Doc. 148 at 16].

Litigants frequently face tough choices -- choices that rarely come without consequence. The Release Plaintiffs chose to settle the prior civil actions before the United States filed a responsive pleading. Thus, the parties did not provide initial disclosures or engage in any discovery in the prior civil actions. Despite this, the Release Plaintiffs still voluntarily agreed to release "any and all claims . . . relating to or arising out of" the negligent medical care they received from Dr. Yates, including claims that were "unknown" or "unsuspected." [Doc. 75 Exs. 1–23 at

¶ 4]. Had the Release Plaintiffs sought and obtained discovery in the prior civil actions, they likely would have received the information necessary to enable them to bring a claim premised on Dr. Yates' performance of unlicensed acupuncture. However, it is impossible to say that the United States engaged in concealment or fraud respecting this information given that the West Virginia Board of Acupuncture maintains a publicly available List of Active Licensees that details the date a practitioner's license was issued and expires. *List of Active Licensees*, W. Va. Bd. of Acupuncture, https://wvacupuncture.org/Active-Licensees (last visited April 5, 2024). And the Release Plaintiffs knew at the time they filed the prior actions that they had received acupuncture services from Dr. Yates. Parties are not obligated to disclose adverse information during settlement negotiations, and there is no evidence that the United States hindered the discovery process in this case. The Release Plaintiffs cannot now benefit from their failure to conduct a thorough investigation before executing the Release Agreements.

Moreover, the Release Plaintiffs suggest because "the word 'general' does not appear anywhere" in the Release Agreements, the agreements are not, in effect, general releases. [Doc. 86 at 14].  Such semantics undermine the Court's desire to foster finality and conserve judicial resources by preventing needless litigation. "[T]he very nature of a general release is that the parties desire to settle all matters forever." *Va. Impression Prods. Co. v. SCM Corp.*, 448 F.2d 262, 265 (4th Cir. 1971). A general release is one that not "only settles enumerated specific differences, but claims of every kind or character, known and unknown." *Id.*

The Release Agreements expressly "release and forever discharge the United States . . . from any and all claims, . . . whether known or unknown, suspected or unsuspected, that [the Release Plaintiffs] [have] had, now [have] or hereafter may have with respect to the same subject matter that gave rise to the" prior civil actions. [Doc. 75 Exs. 1–23 at ¶ 4]. And the Release

Plaintiffs' claims clearly "relat[e]" to the subject matter giving rise to the prior civil actions because they involve Dr. Yates' medical negligence. The Court cannot read such a broad release to exclude any claim involving Dr. Yates' conduct beyond osteopathic manipulations, especially where such alleged negligence occurred as part of the same transaction or series of transactions. The absence of any exception for any type of future claims supports the conclusion that the Release Agreements were intended to be general releases of all claims arising out of neglectful medical care provided by Dr. Yates. *See Coakley & Williams Constr., Inc. v. Structural Concrete Equip.*, 973 F.2d 349, 353 (4th Cir. 1992) ("[B]ecause [a] release was very broadly phrased, it seems that if the parties intended to allow any future claims against each other, they would have done so specifically.") Thus, the Release Agreements are plainly general releases without ambiguity.

Finally, the Release Plaintiffs assert the instant actions should go forward because the prior civil actions "did not allege a claim for negligent hiring, retention or supervision nor did [they] allege that USA owed a duty of care to Plaintiffs to ensure that its providers, inclusive of Yates, were properly credentialed, privileged, licensed, and monitored." [Doc. 86 at 9–10]. As an initial matter, contrary to their representation here, the Release Plaintiffs' prior civil actions did include allegations of negligence by Dr. Yates' supervisors at BVAMC. *See, e.g.*, Complaint at 8–12 ¶¶ 57–60, 65–75, 79, *John Doe #1 v. United States*, No. 5:20-cv-00806 (S.D. W. Va. Dec. 14, 2020), Doc. 1 (alleging "incompetent management and supervision" including that BVAMC leadership failed to act in response to reports of malpractice by Dr. Yates). Regardless, the Release Plaintiffs' contention that their current claims were not specifically alleged in the prior civil actions is in no way determinative of whether such claims were released by the Release Agreements. Rather, the Release Agreements expressly release all claims "relating to or arising out of the subject matter that gave rise to" the prior civil actions "that could have been but were not alleged"

in those actions. [Doc. 75 Exs. 1–23 at ¶ 4]. And surely a negligent supervision and or a negligent hiring claim could have been asserted in the prior civil actions.

IV.

Accordingly, the Court **GRANTS** the United States' Motions for Summary Judgment [**Docs. 75, 146**], and Civil Action Nos. 5:23-cv-00243, -00246, -00247, -00250, -00251, -00259, -00264, -00267, -00268, -00271, -00272, -00274, -00275, -00276, -00283; -00284, -00285, -00287, -00293, -00383, -00384, -00484, -00485, -00663, -00664, -00665, -00666 are **DISMISSED WITH PREJUDICE**.

Inasmuch as *Abner v. United States*, 5:23-cv-00243, is dismissed, *Acord v. United States*, 5:23-cv-00244, is substituted instead as the new lead action.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER:    April 25, 2024



Frank W. Volk
United States District Judge